**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexis Monge, | No. CV-24-03007-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Everwell Home Health Care LLC, et al., | |
| Defendants. | |

Plaintiff Alexis Monge filed this suit alleging defendants Everwell Home Health Care LLC and Shanea Howell owed her unpaid wages. Monge alleged she had worked 38 hours and had been promised an hourly rate of approximately $19. (Doc. 1 at 7.) Thus, the complaint seeks approximately $722 in unpaid wages plus liquidated damages, attorneys' fees, and costs. Monge served both defendants but neither responded to the complaint and their defaults were entered. (Doc. 10.) Six days after entry of the defaults, Howell filed a motion that appears to be a request to set aside the defaults. (Doc. 11.) Howell also filed an answer to the complaint. The motion to set aside the defaults and the answer were both filed by Howell, allegedly on behalf of herself and Everwell. (Doc. 12 at 3.) The answer asserted numerous affirmative defenses and purported to assert an unidentified counterclaim against Monge. (Doc. 12 at 5-6.)

Monge filed a response to the motion to set aside defaults stating she did not oppose the motion. (Doc. 13.) Monge also filed a motion for more definite statement regarding the answer. According to Monge, the answer does not respond to each allegation in the

complaint as required by Fed. R. Civ. P. 8(b). In addition, Monge argues it is unclear whether the answer should be viewed as a motion to dismiss under Rule 12 and whether Howell wishes to pursue a counterclaim.

Howell is entitled to represent herself but a limited liability company such as Everwell must be represented by counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993). Thus, the motion to set aside the defaults and the answer must be viewed as filed only on Howell's behalf. As for Monge's motion for more definite statement, it seems likely that Howell would need to amend her answer to make it clearer how she plans to defend this case. But the court will not take any formal action on these pending motions because this case appears to be a good candidate for a settlement conference.

Based on the filings so far, Monge is seeking a relatively small amount of damages and Howell has indicated she attempted to pay Monge the wages she was owed but Monge refused to provide a mailing address. Assuming Howell's version of events is accurate, she made efforts to pay Monge the wages that were owed such that it is unlikely Monge would be entitled to liquidated damages. *See Scalia v. Emp. Sols. Staffing Grp., LLC*, 951 F.3d 1097, 1102 (9th Cir. 2020) (an FLSA violation is willful when "the employer either knew or showed reckless disregard for . . . whether its conduct was prohibited by the [FLSA]"). And at this early stage, Monge has incurred a minimal amount of attorneys' fees and costs. Therefore, the total amount in dispute appears to be approximately $1,500 (*i.e.*, unpaid wages plus filing fee and attorneys' fees). Given this small amount, the parties must confer and file a joint statement indicating if they agree to attend an immediate settlement conference before a magistrate judge. If the parties are unwilling to do so, the court will rule on the pending motions. If the parties do not proceed to a settlement conference, Everwell must retain counsel and that counsel must filed a notice of appearance.

**IT IS ORDERED** no later than **January 10, 2025**, the parties shall file a joint statement indicating whether they agree to attend a settlement conference before a magistrate judge.

**IT IS FURTHER ORDERED** if the parties do not agree to proceed to a settlement conference, Everwell Home Health Care LLC must retain counsel and that counsel must file a notice of appearance no later than **January 17, 2025**.

Dated this 3rd day of January, 2025.

Honorable Krissa M. Lanham
United States District Judge