**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexis Monge, | No. CV-24-03007-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Everwell Home Health Care LLC, et al., | |
| Defendants. | |

Plaintiff Alexis Monge filed this suit alleging defendants Everwell Home Health Care LLC and Shanea Howell owe her unpaid wages. The court referred the parties for an early settlement conference, but they were unable to reach an agreement. Litigation of this case must resume.

**I.   Procedural History**

Monge served both defendants but neither responded and their defaults were entered. (Doc. 10.) Howell then filed a document the court will construe as a request to set aside her default. (Doc. 11.) Howell also filed an answer. (Doc. 12.) The answer does not admit or deny the complaint's allegations and indicates Howell may be attempting to assert a counterclaim of some type. Monge does not oppose setting aside Howell's default but requests the court require Howell file a more definite statement that admits or denies the allegations in the complaint and identifies the basis for Howell's counterclaim, assuming she is attempting to pursue a counterclaim. (Doc. 13, 14.)

##   II.   Everwell Must Obtain Counsel

The court previously informed Howell "a limited liability company such as Everwell must be represented by counsel." (Doc. 15 at 2) (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993).) Everwell's default has already been entered and Howell is not permitted to argue on Everwell's behalf that the default should be vacated. If Everwell wishes to defend this suit in any manner, it must immediately obtain counsel. Everwell cannot wait for trial to obtain counsel as that will be far too late. Failure to obtain counsel places Everwell at risk of having default judgment entered against it for the full amount Monge seeks.

##   III.   Set Aside Default and More Definite Statement

Howell seeks to set aside the entry of default and Monge does not oppose that request. Howell's motion is granted. As for Monge's motion for a more definite statement, Howell did not file an opposition to it and the court could summarily grant the motion on that basis. But even on its merits, Howell's answer is insufficient and a more definite statement is necessary.

"A motion for a more definite statement . . . attacks the unintelligibility of the [answer], not simply the mere lack of detail, and is only proper when a party is unable to determine how to frame a response to the issues raised by the [answer]." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). That high standard means motions for more definite statements are "not favored by the courts since pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim." *Resol. Tr. Corp. v. Dean*, 854 F. Supp. 626, 649 (D. Ariz. 1994) (simplified). But such a motion should be granted if the answer does not provide "a clear statement about what [the plaintiff] allegedly did wrong." *Underwood v. O'Reilly Auto Parts, Inc.*, 671 F. Supp. 3d 1180, 1188 (D. Nev. 2023). Howell's answer is sufficiently unintelligible to merit requiring a more definite statement.

Contrary to the instructions in the form Howell used to file her answer (Doc. 12 at 1), she has not provided any response to the complaint's allegations. As those instructions

make clear:

> [f]or each paragraph in the complaint, [Howell] must state whether: [she] admits the allegations in that paragraph; denies the allegations; lacks sufficient knowledge to admit or deny the allegations; or admits certain allegations but denies, or lacks sufficient knowledge to admit or deny, the rest.

(Doc. 12 at 1.) Howell's failure to specifically admit or deny the complaint's allegations probably would not support requiring a more definite statement on its own. *See Underwood*, 671 F. Supp. 3d at 1188 (factual positions should be sought through discovery, not a motion for more definite statement). But that failure combined with the possibility that Howell is attempting to assert a counterclaim against Monge renders the answer unintelligible.

In the section of the form regarding "[a]sserting claims against the plaintiff," Howell again ignored the instructions requiring she "state briefly the facts" that support her attempt to assert a claim against Monge. Instead, Howell alleges

> The defendant claims that the plaintiff's failure to provide a mailing address caused unnecessary delays, loss of time, and financial burden. The defendant acted in good faith to issue payment and the plaintiff's lack of cooperation has led to baseless legal claims.

(Doc. 12 at 5.) For "damages," Howell requests dismissal of Monge's claims and "reimbursement for court costs and any expenses incurred in defending this matter." (Doc. 12 at 5.)

Based on Howell's answer, it is not clear whether she is attempting to assert a counterclaim against Monge or merely intending to defend against Monge's claims. Because of that, Monge cannot "determine how to frame a response" to Howell's answer, assuming such a response is needed. *Neveu*, 392 F. Supp. 2d at 1169. Howell must file an amended answer. That answer should admit or deny the allegations in the complaint. And if Howell is trying to assert a counterclaim against Monge, she must provide the factual allegations supporting her counterclaim. If she is not attempting to assert a counterclaim, she should not provide any allegations in the section regarding counterclaims. Howell should keep in mind that in general, a defendant cannot assert a counterclaim based only

on being required to defend against a plaintiff's claims. Howell therefore should only assert a counterclaim against Monge if she believes she has been damaged by Monge beyond being forced to defend this lawsuit.

Accordingly,

**IT IS ORDERED** the Motion to Vacate Default (Doc. 11) is **GRANTED IN PART**. The Clerk of Court shall vacate the default (Doc. 10) of defendant Shanea Howell only. The default entered against Everwell Home Health Care LLC shall remain in place.

**IT IS FURTHER ORDERED** the Motion for More Definite Statement (Doc. 14) is **GRANTED**. No later than **May 15, 2025**, defendant Shanea Howell shall file an amended answer to the complaint as set forth above.

Dated this 5th day of May, 2025.

_Krissa M. Lanham_
Honorable Krissa M. Lanham
United States District Judge