**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexis Monge, | No. CV-24-03007-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Everwell Home Health Care LLC, et al., | |
| Defendants. | |

Plaintiff Alexis Monge filed this suit for unpaid wages against defendants Everwell Home Health Care LLC and Shanea Howell. No defendant appeared and both defendants' defaults were entered. (Doc. 10.) Defendant Howell then moved to set aside the default on behalf of herself and Everwell. (Doc. 12.) The court explained "a limited liability company such as Everwell must be represented by counsel." (Doc. 15.) Everwell had not appeared through counsel, meaning Howell's request to set aside her default was granted but Everwell remained in default. (Doc. 15 at 2.) Monge and Howell are engaged in discovery.

On September 18, 2025, Monge filed a motion for default judgment against Everwell. (Doc. 48.) Howell filed a response arguing default judgment could not be entered against her because she was participating in the case. (Doc. 49 at 1.) Howell also requested "[i]f the Court enters default judgment against Everwell LLC" it should "limit damages to the undisputed base wages (approximately $682) and deny requests for treble damages, liquidated damages, and attorney's fees." (Doc. 49 at 2.) Howell also sent an email to the chambers inbox stating:

1

2

3

> I am Shanea ("Nea") Howell, Defendant appearing pro se. On September 19, 2025, I filed my Opposition to Plaintiff's Motion for Default Judgment and a supporting Declaration with exhibits.

4

5

6

> Out of respect for the Court's time, I wanted to notify Chambers directly that these filings are now on the record. Plaintiff has mischaracterized the facts, and I have actively defended myself in this matter. For that reason, I respectfully request that the Court not enter default judgment against me personally.

7

8

9

> If the Court is inclined to enter judgment against Everwell Home Health Care LLC, I respectfully request that damages be limited to base wages only, without treble damages or attorney's fees, as I have always acted in good faith and made attempts to resolve this before litigation.

10

> Thank you for your time and consideration.

11

12

13

14

15

16

Howell's email was inappropriate. The chambers email address may be used *only* for the submission of proposed orders. Parties are not permitted to send substantive emails to that address. Future violations of this rule might lead to sanctions, including default judgment against Howell. In addition, Howell has already been informed multiple times she cannot represent Everwell. That means Howell cannot make arguments on behalf of Everwell and the court will not consider any such arguments.

17

18

19

20

21

22

23

24

25

26

27

On the merits of the motion for default judgment, the circumstances of this case do not allow for entry of such a judgment. Monge is asserting the same claims against Howell and Everwell and it appears some of the same defenses Howell is pursuing might apply to the claims against Everwell. For example, Howell alleges Monge "was never misclassified as a W-2 employee" but was a "1099 contractor." (Doc. 49 at 1.) If that argument is correct, Monge's claims might fail against Howell. And the argument might also apply to Everwell. In effect, it would be "incongruous and unfair to allow" Monge to prevail against Everwell by way of a default judgment on a legal theory that might be rejected regarding Howell. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). The court cannot enter a default judgment that might turn out to be "inconsistent" with the later judgment regarding Howell. *Id.*

28

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 48) is **DENIED WITHOUT PREJUDICE**.

Dated this 25th day of September, 2025.


Honorable Krissa M. Lanham
United States District Judge